**TRUNCALE et al. v. UNIVERSAL PIC-
TURES CO., Inc. et al.**

.Civ. No. 41–783.

United States District Court
S. D. New York.

Jan. 3, 1949. ·

Millard & Greene, of New York City, for plaintiff.

Milton Pollack, of New York City, (Pomerantz, Levy, Schreiber & Haudek and William E. Haudek, all of New York City, of counsel), for plaintiff-intervenor.

H. G. Pickering (of Mudge, Stern, Williams & Tucker), of New York City (Robert E. Walsh, of New York City, of counsel), for defendants.

KAUFMAN, District Judge.

The following motions are now before this court:

(1) A motion by defendant Cowdin to quash the amended summons and vacate and set aside the service thereof, and of the amended complaint, on him, and to dismiss the action on the grounds (a) that prior to such service the action against him had abated by virtue of Rule 1 of the Civil Rules of this court and (b) the venue is improper; (2) A motion by defendant

Fox to vacate and set aside the service of the summons and amended complaint on him, on the ground that prior to such service the action had abated against him by virtue of Rule 1 of the Civil Rules of this court; and (3) Cross motions by plaintiffs to add Cowdin and Fox as parties defendant in the event their motions to quash service are granted.

The action was begun by Stephen Truncale, a stockholder, on June 3, 1947 and a summons was issued at that time. The complaint contained two causes of action. Certain of the defendants who had been served moved for summary judgment and, simultaneously, one Freiday moved to intervene as a party plaintiff. The motions were heard by Judge Rifkind, whose carefully considered opinion is reported in D.C., 76 F.Supp. at pages 465-471. Judge Rifkind dismissed the first cause of action on the ground that Truncale had not been a stockholder at the time the alleged cause of action accrued, and dismissed the second cause of action, with leave to amend, on the ground that it failed to allege facts sufficient to constitute a cause of action. Freiday's motion for leave to intervene was granted. On March 30, 1948 an order was entered in accordance with the opinion.

Pursuant to that order, plaintiff Truncale and plaintiff-intervenor Freiday (hereinafter referred to collectively as "plaintiffs") filed an amended complaint on April 21, 1948.

On June 2, 1948, the summons and amended complaint were served on defendant Fox.

On June 9, 1948, upon plaintiffs' request, the clerk issued an amended summons, which differed from the original one in that the name of Freiday was added as plaintiff-intervenor in the caption of the case, and on the same day the amended summons and amended complaint were served on defendant Cowdin.

Neither Fox nor Cowdin had theretofore been served with the process or pleading in the case.

(1) Rule 1 of the Civil Rules of this court reads: "The summons and complaint must be served on each defendant within three months after the issuance of the summons. Unless a defendant has been served within said time, or has appeared generally in the cause, the action against him shall abate; provided, however, that a plaintiff whose time to effect service has not expired may from time to time, for good cause shown, procure an order extending his time to serve the summons and complaint for such further period as the court may direct."

▪ Plaintiffs argue that Rule 1 is invalid because inconsistent with Rules 6(b) and 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The grounds urged by them have been considered, and the same contention overruled, in Adams v. Jarka Corp., D.C.S.D.N.Y., 8 F.R.D. 571.

▪ Plaintiffs also argue that the motions to vacate the service should be denied because, as a practical matter, the granting of the motions would result merely in "wasteful and perfectly needless mechanical proceedings", inasmuch as a new action would be commenced against Cowdin and Fox on the same pleading and then consolidated with the pending one. If that argument were adopted, the effect would be to emasculate Rule 1 in practically every case to which, by its terms, it is made applicable.

▪ Consequently, it must be held that the action abated as to defendants Cowdin and Fox, unless the time to effect service, even upon one as to whom the action has theretofore abated, is automatically reopened and extended by the issuance of an amended summons adding an intervening plaintiff, and the amendment of the complaint to cure a defect in pleading.

Neither as a matter of logic nor procedure could the amendment of a pleading reopen or extend a plaintiff's time to serve process on a defendant as to whom the action had already abated. As to such a defendant the action has terminated, at least until it is revived by appropriate proceedings. Similarly, the amendment of the summons cannot be of any consequence against a defendant as to whom the action had already abated. This is particularly true in a stockholder's derivative action, where the cause of action springs from an injury to the corporation, which is and

remains the real and beneficial plaintiff irrespective of which of its stockholders commence the action or how many of them subsequently add their names as nominal plaintiffs.

(2) Plaintiffs' cross motion to add Cowdin and Fox as parties defendant is made under Rule 21 of the Federal Rules of Civil Procedure. This rule, in so far as here material, reads: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

In so far as this rule relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable; it is not intended, by this rule, to enable a plaintiff to bring back into the case, as defendants, persons who had been joined as such at the outset of the action, but against whom the right to continue the action has abated.

The conclusions reached above make it unnecessary to pass upon the question of venue raised by defendant Cowdin.