Duncan MILLER, Appellant,

v.

Stewart L. UDALL, Secretary of the Interior, Appellee.

Nos. 16373, 16374.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 29, 1961.

July 26, 1962.

Petition for Rehearing En Banc Denied En Banc Sept. 17, 1962.

of Missouri, pro hac vice, by special leave of court, with whom Mr. Ramsey Clark, Asst. Atty. Gen., Messrs. Roger P. Marquis and Walter H. Williams, Attys., Dept. of Justice, were on the brief, for appellee. Mr. S. Billingsley Hill and Robert S. Griswold, Jr., Attys., Dept. of Justice, also entered appearances for appellee.

Before WASHINGTON, BASTIAN* and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Summary judgment for the Secretary of the Interior was granted in the District Court in a suit brought by the appellant to cancel certain leases to public lands issued by the Secretary under the Mineral Leasing Act of 1920, 41 Stat. 443, 74 Stat. 781 (1960), 30 U.S.C.A. § 226 (Supp.1961), and to have new leases for these same lands issued to the appellant.

Appellant himself applied for each of these leases but received none of them, since in each instance it was determined that he was not the first qualified person to have entered an application. The applicant to whom the lease was awarded in each instance was the same person who had relinquished the immediately precedent lease before its term had expired. The process by which the relinquishing lessees were able to obtain new leases is here attacked as having denied to other potential applicants a fair opportunity to obtain the benefits of the Mineral Leasing Act.[1]

Mr. Chester C. Shore, Washington, D. C., for appellant.

Mr. Hugh Nugent, Atty., Dept. of Justice, of the bar of the Supreme Court

* Judge Bastian did not participate in the decision of these cases.

1. Under land office regulations in effect during the time of appellant's various applications, when an existing lease was either cancelled or relinquished the land became subject to the filing of new lease offers as soon as the cancellation or relinquishment was noted on the tract book of the United States land office in the particular area. This notation in the tract book always occurred during the hours when the land office was closed to the public, usually between the time the office closed at 3:00 p. m. the day of relinquishment or cancellation and 10:00

a. m. the following morning when the office reopened. Interested parties could not learn of the relinquishment until they had opportunity to examine the tract book. But the relinquishing lessee in each case involved here filed an offer for the relinquished lease within minutes after the land office opened on the morning of or the morning following the tract book notation. Other potential applicants for the leases were thus effectively prevented from receiving notice that the leases were again open to public offering.

The Secretary of the Interior has recognized the vice of the old practice and

A careful review of the record makes clear that the Secretary of the Interior and the several lessees whose leases are here challenged fully complied with the letter of these regulations and the statute as they existed at the time, and that the leases were issued to qualified persons first making application for them, consistent with the statutory command.[2] 30 U.S.C.A. § 226 (1958). The judgment and order of the District Court are

Affirmed

his regulations have since been amended to assure public notice and fuller public participation in the process of reissuing relinquished leases. 43 C.F.R. 192.43 (Supp.1961).

2. The Secretary also urges that the complaint was subject to dismissal because of the absence of the lessees, said to be indispensable parties. We do not reach that question.