**THOR–WESTCLIFFE DEVELOPMENT, INC., Appellant,**

**v.**

**Stewart L. UDALL, Secretary of the Interior, and Karl S. Landstrom, Director, Bureau of Land Management, Appellees,**

R. E. Boyle, Intervenor-Defendant Appellee.

**No. 17101.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 10, 1962.

Decided Jan. 24, 1963.

Mr. Thomas F. McKenna, Santa Fe, N. M., with whom Mr. James T. McNelis, Washington, D. C., was on the brief, for appellant. Mr. Joseph A. Sommer, Santa Fe, N. M., also entered an appearance for appellant.

Mr. A. Donald Mileur, Atty., Dept. of Justice, with whom Asst. Atty. Gen. Ramsey Clark and Messrs. Roger P. Marquis and Ralph S. Boyd, Attys., Dept. of Justice, were on the brief, for appellees Udall and Landstrom.

Mr. Lewis E. Hoffman, Washington, D. C., with whom Mr. Leon BenEzra, Washington, D. C., was on the brief, for appellee Boyle.

Before WASHINGTON, Circuit Judge, BELL, Circuit Judge for the Fourth Circuit,* and WRIGHT, Circuit Judge.

* Sitting by designation pursuant to Sec. 291(a), Title 28, U.S.Code.

J. SKELLY WRIGHT, Circuit Judge.

■ Section 17 of the Mineral Leasing Act of 1920 [1] provides that public lands "not within any known geological structure of a producing oil or gas field" shall be leased "to the person first making application" at not less than fifty cents per acre. In an effort to eliminate the chaos which sometimes resulted from competition among applicants to be literally the "person first making application" for leases having speculative value far in excess of leasing costs, the Secretary of the Interior promulgated a regulation [2] providing for simultaneous filing and a public drawing in the event of multiple applications. Appellant attacks this regulation as unresponsive to the statutory command [3] that the lease be given to the "person first making application." The District Court granted summary judgment in favor of the Secretary. We affirm.

Experience in the administration of the Act has demonstrated that land subject to leasing after expiration or cancellation of a prior lease often has significant speculative value [4] in spite of the fact that it is not actually "within any known geological structure of a producing oil or gas field." In order "to assure public notice and fuller public participation in the process of reissuing relinquished leases," [5] Regulation 192.43 provides for the posting of descriptions of such expired lease land in each Interior Department land office on the third Monday of each month, together with "a notice stating that the lands in such leases are subject to the simultaneous filings of lease offers from the time of such posting until 10:00 o'clock a. m. on the said fifth working day thereafter." If at 10:00 a. m. on the fifth day more than one offer has been received to lease the same acreage, the priorities are determined by lot.

Prior leases on the lands in suit expired by operation of law on June 30, 1961. Appellant filed its applications for leases on July 3, 1961, the next business day. On July 17, 1961, the lands were posted under the procedure described above and applications for leases were accepted until 10:00 a. m. on the "fifth working day thereafter." Appellant filed no applications during this interval. A drawing was held among those applications filed during this period and intervenor Boyle was the winner. Appellant's applications of July 3, 1961, were rejected as untimely. Having exhausted its remedies within the Department, appellant brought suit for a judgment declaring Regulation 192.43 invalid and granting the leases to it.

■ Appellant, ignoring Mr. Justice Frankfurter's famous dictum,[6] stands firmly on the literal language of the statute. It was the "person first making application" after the prior leases expired, it argues, and consequently the Secretary must comply with the statutory mandate. The Secretary relies upon the regulation, which he justifies as necessary to end the mad scrambles, breaches of the peace, damage to tract books, and corruption of land office employees as ap-

---

1. 41 Stat. 443, as amended, 30 U.S.C. § 226.

2. 43 C.F.R. § 192.43.

3. Appellant also argues that when land has been once offered for leasing under the Act, the Secretary may not "withdraw" the land pending re-lease. This contention has been rejected by this court on prior occasions. Wright v. Paine, 110 U.S.App.D.C. 100, 289 F.2d 766 (1961); Haley v. Seaton, 108 U.S.App.D.C. 257, 281 F.2d 620 (1960).

4. Geological information acquired during a prior lease as to the proximity of a known structure often greatly enhances the value of the property for mineral purposes.

5. Miller v. Udall, 113 U.S.App.D.C. 339, 307 F.2d 676, 677-678, n. 1 (1962).

6. "The notion that because the words of a statute are plain, its meaning is also plain, is merely pernicious oversimplification." United States v. Monia, 317 U.S. 424, 431, 63 S.Ct. 409, 87 L.Ed. 376 (dissenting opinion) (1943).

plicants compete [7] to be the "person first making application." Appellant does not contest the existence of these problems with respect to cancellation or other premature termination of a lease, but asserts (1) that these problems do not exist where leases terminate by expiration,[8] (2) that other methods of meeting these problems are available, and (3) that in any event this regulation on its face conflicts with the statutory requirement and is therefore invalid.

■ The Secretary has full authority under the Act "to prescribe necessary and proper rules and regulations"[9] to accomplish its purposes. Stripped to its essence, the question presented here simply is: does Regulation 192.43 comport with the Secretary's statutory authority? It is not for us, nor for appellant, to suggest a method for solving the problems which have arisen in the administration of the Mineral Leasing Act. Congress has consigned that function to the Secretary. Our inquiry ends when we determine whether or not the method adopted by the Secretary is "unreasonable and plainly inconsistent" with the statute, having in mind that regulations "constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons." Commissioner v. South Texas Co., 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948).

■■ In administering the Mineral Leasing Act, the Secretary exercises a discretionary, rather than a ministerial, function. Compare Udall v. States of Wisconsin, Colorado and Minnesota, 113 U.S.App.D.C. 183, 306 F.2d 790 (1962). The provisions of the Act "plainly indicate that Congress held in mind the distinction between a positive mandate to the Secretary and permission to take certain action in his discretion." United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 418, 51 S.Ct. 502, 75 L.Ed. 1148 (1931). This, of course, does not mean that the Secretary is permitted to grant a lease to one other than "the person first making application." It does mean that the Secretary is to determine who that first person is. Hence the provision in the Act authorizing the promulgation of regulations. 41 Stat. 450, 30 U.S.C. § 189. It is likewise clear that the language "person first making application" is not so definite, particularly when prior experience with its application is considered, as to render an interpretative or implementing regulation inappropriate. Compare Helvering v. R. J. Reynolds Co., 306 U.S. 110, 114, 59 S.Ct. 423, 83 L.Ed. 536 (1939); Morrissey v. Commissioner, 296 U.S. 344, 354–355, 56 S.Ct. 289, 80 L.Ed. 263 (1935).

7. For a description of some of the devices used to obtain advantages in the race to be first, see Miller v. Udall, supra Note 5; Signal Oil and Gas Company, Interior Dept. No. A–28626 (1961); Margaret A. Andrews, et al., 64 I.D. 9 (1957).

8. A similar predecessor regulation and the present regulation as applied to the release of land on which leases have been cancelled or relinquished have been construed in other cases by this court, in none of which has any doubt been expressed as to their validity. In McKay v. Wahlenmaier, 96 U.S.App.D.C. 313, 226 F.2d 35 (1955), this court, while specifically noting that Section 17 requires that the lease be issued to the "person first making application," passed upon the qualifications of a leaseholder chosen by lot. In Miller v. Udall, supra Note 5, 307 F.2d at 677, n. 1, this court recognized the "vice" of literal application of the first in time rule and noted with approval the provisions for "public notice and fuller public participation" found in Regulation 192.43. Appellant attempts to distinguish these cases on the ground that the prior leases there involved terminated prematurely, whereas the prior leases here expired routinely. In so doing, it challenges the discretion of the Secretary, rather than the procedure provided by the regulation. We find the Secretary's action in extending the regulation to include expired leases neither arbitrary nor capricious. See Hall v. Payne, 254 U.S. 343, 347, 41 S.Ct. 131, 65 L.Ed. 295 (1920); North Central Airlines, Inc. v. Civil Aeronautics Bd., 105 U.S.App.D.C. 207, 265 F.2d 581 (1959).

9. 41 Stat. 450, 30 U.S.C. § 189.

260

Having recognized the authority in the Secretary to promulgate a regulation implementing the statutory language "person first making application," we must decide whether Regulation 192.43 is consistent with the Act and a reasonable exercise of the Secretary's authority thereunder, or whether the regulation is "in the teeth of the unambiguous mandate of the statute, [is] contradictory of its plain terms, and amount[s] to an attempt to legislate." Helvering v. Sabine Trans. Co., 318 U.S. 306, 311–312, 63 S.Ct. 569, 87 L.Ed. 773 (1943). We find, considering the language and purpose of the statute, as well as the experience of the Secretary in the implementation thereof, that the regulation is neither unreasonable nor inconsistent with the plain language of the Act.

Appellant does not argue that Regulation 192.43 unfairly favors some applicants for leases at the expense of others [10] or that the procedure provided therein is inconsistent with the legislative purpose to distribute these leases fairly with the opportunity for full participation by the interested public. Its argument seems to be that, because of practical difficulties attendant its administration, the Secretary has rewritten the statute.

It must be owned that the procedure outlined in Regulation 192.43, on superficial examination, bears little resemblance to the "person first making application" language of the statute. But Congress could hardly have supposed that granting $.50 per acre mineral leases can be accomplished as simply as the statutory language seems to indicate. The history of the administration of the statute furnishes compelling proof, familiar to the membership of Congress, that the human animal has not changed, that when you determine to give something away, you are going to draw a crowd. It is the Secretary's job to manage the crowd while complying with the require-

ment of the Act. Regulation 192.43 is the Secretary's effort in this direction. We cannot say that it is an impermissible implementation of the statutory purpose.

Affirmed.

---

10. Compare Barash v. Seaton, 103 U.S.App.D.C. 159, 256 F.2d 714 (1958); McKay v. Wahlenmaier, supra Note 8.