John J. KING and Dorothy W. King,
Plaintiffs,

v.

Stewart L. UDALL, Secretary of the
Interior et al., Defendants.

Civ. A. No. 2750–64.

United States District Court
District of Columbia.

April 11, 1967.

required

James S. Holmberg, Denver, Colo., and R. Timothy Hanlon, Washington, D. C., for plaintiffs.

Thomas L. McKevitt, Washington, D. C., for defendant Stewart L. Udall.

Dennis G. Lyons and Daniel A. Rezneck, Washington, D. C., for defendant Sun Oil Co.

James W. McDade, Washington, D. C., for defendant Humble Oil & Refining Co.

Marvin J. Sonosky, Washington, D. C., for defendant intervenor Standard Oil Co. of California.

OPINION

HOLTZOFF, District Judge.

This action was commenced against the Secretary of the Interior, and was brought by unsuccessful applicants for a lease on certain public lands located in Alaska that were not within any known geological structure of a producing oil or gas field.

The authority of the Secretary to lease such lands is contained in the so-called Mineral Lands Leasing Act, 30 U.S.C. § 226. Subsection (c) of that section provides that:

"If the lands to be leased are not within any known geological structure of a producing oil or gas field, the person first making application for the lease who is qualified to hold a lease * * * shall be entitled to a lease of such lands without competitive bidding."

Plaintiffs claim that under the provisions of this section, they were entitled to the lease for which they had applied and seek to set aside the action of the Secretary in leasing various portions of the property to subsequent applicants. One of the parties who later acquired title to a part of the property, the Standard Oil Company of California, has been permitted to intervene as an additional defendant. The matter came before the Court originally on cross-motions for summary judgment.

The hearing was then continued in order to enable the plaintiffs to bring in as additional parties other grantees of various portions of the tract in question. They were the Humble Oil and Refining Company, Atlantic Richfield Company, Sun Oil Company and Pan American Petroleum Corporation. An amended complaint was then filed naming these additional defendants and substituted service was had on them.

The additional defendants interposed the defense of the ninety-day statute of limitations contained in 30 U.S.C. § 226—2, which provides as follows:

"No action contesting a decision of the Secretary involving any oil and gas lease shall be maintained unless such action is commenced or taken within ninety days after the final decision of the Secretary relating to such matter."

The Court is of the opinion that this provision is not limited to actions in which the Secretary is the sole defendant, nor is it restricted so as to enable only the Secretary to plead the statute of limitations as a defense. Its purpose of acting as a statute of repose is

not fully attained if a grantee of the Secretary, either directly or by mesne conveyances, is not permitted to interpose it.

■ Rule 15 of the Federal Rules of Civil Procedure as recently amended, which deals with amendments of pleadings, does not aid the plaintiffs. Subsection (c) of the Rule concerns relation back of amendments. It is limited to amendments changing the party against whom a complaint was served. It does not apply to additional parties.

■■ It is a well established principle that ordinarily a new party brought in subsequently to the commencement of an action may interpose a defense of the statute of limitations even if it arose subsequently to the initial institution of the original action but prior to the bringing in of the parties seeking the advantage of the defense. Consequently, the defense of the statute of limitations as to these additional defendants will be sustained, and no relief will be granted as against them.

The Court will proceed to determine the matter as to the Secretary and as to the intervening defendant, Standard Oil Company of California. Under his rule-making power, the Secretary of the Interior adopted a regulation which, in effect, determines who constitutes the person first making an application for a lease, under 30 U.S.C. § 226, subsection (c). Title 43 of the Code of Federal Regulations, Section 1821.2–3, provides, in effect, that if applications are filed within the period prescribed by an order or notice of the Secretary, they shall all be deemed to have been filed simultaneously. It is further provided that all such applications which conflict, in whole or in part,—and by the word "conflict" is meant, no doubt, overlap or cover the same area—will be included in a drawing which will fix the order in which the applications will be processed. In other words, all applications filed before a specified date are deemed to have been filed simultaneously, and their order of priority will be determined by lot. This regulation was approved as to its validity by the United States Court of Appeals for the District of Columbia Circuit in Thor-Westcliffe Development, Inc., v. Udall, 114 U.S.App.D.C. 252, 314 F.2d 257.

It is claimed in behalf of the plaintiffs that this regulation has been violated by the Secretary. The procedure followed in this instance was to make such a drawing as is provided by the regulation. Then, it having been found that the applicant whose name was first drawn was not qualified, all other applications were ignored, and applications of subsequent applicants were granted. The further step taken by the Secretary of summarily ignoring all applications except the first one drawn and accepting later applications when the first one drawn turned out to have been submitted by an applicant who was not qualified, has never been approved by the Court of Appeals. On its face, it seems contrary both to the statute and to the regulations, because it gives preference to a subsequent applicant as against all of the original applicants except the one whose name is first drawn.

■ In view of these considerations, the Court is of the opinion that the procedure followed by the Secretary of the Interior in this instance was invalid; that the Secretary, when the first name was rejected, should have drawn another one. If the second applicant whose name was drawn was likewise disqualified, then a third name should have been drawn, and so on. There is no provision under which applicants whose applications were regularly filed may be ignored and subsequent applications accorded preference over them.

Moreover, it is obviously a grave injustice to reject or ignore all applicants but the first one whose name was drawn. It would mean that if an applicant under such circumstances wished to protect his rights, he would immediately have to file a new application. There would follow the same race of applicants, which it was sought to avoid by the regulation to which reference has been made.

■ There is another ground leading the Court to the conclusion that the procedure followed in this instance was invalid. The notice of leasing, dated March 10, 1964, involved in this instance, stated that offers to lease the land in question might be filed in the Fairbanks Land Office, Bureau of Land Management, from the date when the approved leasing maps were officially filed in that office until 10 a. m., June 2, 1964. Then it was provided in subsection (b) of paragraph (3) of the notice that:

"Such offers will be considered as having been simultaneously filed. The priorities of all conflicting offers will be determined in accordance with the regulation 43 CFR 295.8."

The last mentioned regulation is the one to which the Court has already referred, it having been re-numbered in a subsequent edition of the Code.

To be sure, subsection (c) contains a provision reading as follows:

"Only one entry card will be drawn for each leasing block."

This is obviously inconsistent with the first provision to which the Court has referred, namely, that the priority of conflicting offers would be determined in accordance with the regulation 43 CFR 295.8.

It is argued by Government counsel very emphatically that this inconsistency or ambiguity is merely a mistake on the part of the Secretary or his subordinates. This argument is not persuasive. There may be a mistake, but prospective applicants should not be prejudiced by it. If there is an ambiguity or conflict in the provisions of the notice, the notice should be construed in accordance with the usual principle of construing documents, as against the draftsman.

Consequently, the procedure provided by the original regulation should prevail over the sentence that:

"Only one entry card will be drawn for each leasing block."

For both those reasons, each of which is independent of the other, the Court is of the opinion that the procedure followed by the Secretary in this case was invalid.

The Court is, indeed, impressed with the argument of Government counsel that to follow the regulation in instances in which there are numerous applicants and in which the first whose name is drawn may be found disqualified, would create numerous administrative difficulties. Perhaps it would, but this is a matter for Congress and not for the courts.

The Court is of the opinion that the procedure followed in this case completely nullifies the procedure prescribed by the statute, and deprives the first applicant or group of applicants of the rights that the statute confers upon them.

The Court is confronted by a problem, however, arising out of the fact that, as previously indicated, title to various parts of the tract in question has been transferred to various parties. The Court is of the opinion that any relief granted by this Court may not affect absent parties and should be limited only to those who have been properly made or have become parties to this action.

In view of the fact that the Court has just ruled that the defense of the statute of limitations should be sustained as to the parties recently brought in, only the rights of the intervening defendant, Standard Oil Company of California, will be affected by the judgment to be rendered by this Court, and the judgment will be so limited.

Accordingly, the Court will grant the plaintiffs' motion for summary judgment as against the Secretary of the Interior and as against the Standard Oil Company of California and will deny the motion as against the other defendants.

The Court will deny the cross-motions of such defendants as have made them.

The oral motions to dismiss made by the defendants, Atlantic Richfield Company, Sun Oil Company, Pan American Petroleum Corporation and Humble Oil and Refining Company are granted.