David CREWS, Donnie Crews, Brenda Kay Crews, Linda Crews, and Nolan Crews, by their next friend, Missie Thomas, Plaintiffs,

v.

Robert Eugene BLAKE and Barnett Truck Line, Inc., Defendants.

Civ. A. No. 721.

United States District Court, S. D. Georgia, Waycross Division.

April 12, 1971.

Leon A. Wilson, II, and Benjamin Smith, Jr., Waycross, Ga., for plaintiffs.

John W. Bennett, Waycross, Ga., for defendants.

## ORDER

LAWRENCE, Chief Judge.

In this case the plaintiffs seek by amendment to add an additional party defendant, namely, the liability insurer for the defendant motor carrier. Counsel explain that they did not learn that defendant was a common carrier and thereby required to furnish adequate security until after discovery was commenced. Under Georgia law it is permissible to join the motor carrier and its surety in the same suit. Ga.Code Ann. 68–509. The defendant vigorously opposes the amendment. Counsel contends that the conditions required by Rule 19 for joinder of a party do not exist in the present case.

Rule 19 deals with joinder of parties and the effect of failure to join an indispensable party. The 1966 amendment "continues to deal with necessary and indispensable parties; and the latter concept of indispensability remains with us, for basically it is a part of due process and fair administration." 3A Moore's Federal Practice, p. 2118. The amendment shifts the focus from concepts of indispensable, necessary and proper parties to the practical feasibility of joinder of parties. Mendez, Administratrix v. Vatican Shrimp Co., Inc., D.C., 43 F.R.D. 294, 295. Rule 19 does not pretend to govern the right of a plaintiff to add a new or additional party defendant by amendment. It touches that

subject only to the extent that an amendment is the means of adding a party indispensable to the action. The answer to when an additional party may be added must be looked for elsewhere in the Rules. Under Rule 15(a) a party may amend his pleading by leave of the court and such leave shall be freely given in the interest of justice. Rule 15(c) deals with the relation back of amendments to the date of the original pleading and "is limited to amendments changing the party against whom a complaint was served. It does not apply to additional parties." King v. Udall, D.C., 266 F.Supp. 747, 749. See also People of the Living God v. Star Towing Co., Inc., D.C., 289 F.Supp. 635, 641; Craig v. United States, 9 Cir., 413 F.2d 854. Rule 15(c) becomes important where the statute of limitations has run against someone originally named as a defendant in the suit. Counsel for plaintiff, citing 3 Moore's Federal Practice, p. 923f, predicate their position upon the statement made there that:

> " * * * plaintiffs have been allowed to correct a misnomer of the original defendant, and to add or substitute parties where there is an extremely close intercorporate or other relationship between the original and added defendant, and there is no prejudice to the new party, although there are *contra* holdings. Another factor often considered is the original intention of plaintiff, and whether he had some justification or excuse for failing to name and serve the proper party initially."

■ I think that counsel for both plaintiff and for defendant are on the wrong track. We do not have a Rule 15(c) nor a Rule 19 situation. We have the relatively simple question of whether, with leave of the court, a complaint can be amended to bring in an additional defendant under the circumstances

that exist here. I think Professor Moore was talking about something entirely different from what we have. The cases cited involve the effect of an amendment making new or substituted parties against whom an action is barred by the statute of limitations. See, for example, Travelers Indemnity Company v. United States for Use of Construction Specialities Company, 10 Cir., 382 F.2d 103. Incidentally, in permitting an amendment in that case, it was said that "the trial court's decision to allow amendment will not be upset unless a clear abuse of discretion exists." "As a general rule it is within the sound judicial discretion of the trial court to decide, under the facts and circumstances of the case, whether or not it will permit a new party, plaintiff or defendant, to be brought into the action." 67 C.J.S. Parties § 79b. See 39 Am.Jur. Parties § 85 to the same effect.[1]

Surely, the Federal Rules of Civil Procedure are no less liberal. Rule 21 states:

"Parties may be * * * added by order of the Court on motion of any party * * * at any stage of the action and on such terms as are just." While the language quoted is incorporated in a rule dealing with misjoinder and nonjoinder of parties I think it governs cases like the present one. In Truncale et al. v. Universal Pictures Co., Inc. et al., D.C., 82 F.Supp. 576, 578 the Court, referring to this portion of Rule 21, said:

> "In so far as this rule relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable * * *."

■ It seems crystal clear to me that it is within the discretion of this Court

[1]. The Georgia Civil Practice Act provides that parties may be added by order of the court at any stage on such terms as are just. Ga.Code Ann. 81A–121.

to allow an amendment adding as a party defendant the insurer of the motor carrier against whom the suit was originally brought. To be sure, the latter may thereby be prejudiced in defending the case. But that is not the point. I do not see how I can abuse a discretion in permitting the plaintiffs to do what they could have done initially.

The amendment is allowed. Service will be perfected upon the additional defendant.