**Jo Anne WEINER and Neil Weiner**

v.

**SHERBURNE CORPORATION et al.**

**Civ. A. No. 6392.**

United States District Court,
D. Vermont.

Sept. 7, 1972.

Robert Manchester, Lisman & Lisman, Burlington, Vt., for plaintiffs.

Charles F. Ryan, Ryan, Smith & Carbine, Rutland, Vt., for defendant Sherburne Corporation.

Arthur E. Crowley, Jr., Bishop & Crowley, Rutland, Vt., for defendant Phase IV, Inc.

## OPINION AND ORDER

COFFRIN, District Judge.

In this action, plaintiffs are husband and wife who initially brought an action against the Sherburne Corporation to recover for personal injuries sustained by the wife, Jo Anne Weiner, on January 17, 1971. The plaintiffs allege that certain ski equipment rented to Mrs. Weiner by the defendant, Sherburne Corporation, failed to operate properly in as much as the safety bindings at-

tached to the skis did not release when the plaintiff fell while in the act of skiing. The complaint against the Sherburne Corporation was filed on September 24, 1971, and defendant Sherburne Corporation filed its answer on October 12, 1971. By motion filed May 3, 1972, to which defendant Sherburne Corporation previously had assented, the plaintiffs moved to amend their complaint by adding Richard Spademan d/b/a Spademan Release System and Phase IV, Inc., as additional parties defendant. Spademan is alleged to be the designer and manufacturer, and Phase IV, Inc., is alleged to be the wholesale distributor, of the ski binding which the plaintiffs allege failed to operate properly. The motion to add additional defendants and amend the complaint was granted on May 10, 1972, and the amended complaint was filed on that date. It does not appear that service has been effected upon Richard Spademan d/b/a Spademan Release System and no appearance has been filed on his behalf. Service of the amended complaint has been made upon Phase IV, Inc., which answered within the time allowed alleging, *inter alia*, that the action is barred by the statute of limitations in as much as it was not commenced within one year after the cause of action accrued as required by the provisions of 12 V.S.A. § 513 (1958).

12 V.S.A. § 513 states as follows:

An action to recover for injuries sustained while participating in the sport of skiing shall be commenced within one year after the cause of action accrues, and not after.

In Marshall v. Town of Brattleboro, 121 Vt. 417, 160 A.2d 762 (1960), it was held that section 513 of title 12 did not apply to injuries sustained by a skier in using a ski lift for transportation to the top of a ski slope. In essence, the court held that a person so injured is not "participating in the sport of skiing." The decision noted that the risks assumed incident to the sport of skiing as set forth by this court in *Wright v. Mt. Mansfield Lift*, 96 F.Supp. 786, 791 (D.Vt., 1951)

did not include "risk of harm from an unsafe mechanically defective transporting device not controlled by the skier." However, there is nothing in the opinion to indicate the court intended that the very clear language of 12 V.S.A. § 513 should not apply to all downhill skiing accidents regardless of the alleged cause therefor.

The plaintiffs would have us believe that the rule of *ejusdem generis* should be applied with reference to 12 V.S.A. § 513 and the more specific language of the title of the Act (No. 205 of the Public Acts of 1953) at the time it was being considered by the legislature should control the general language of the statute as adopted. When initially before the legislature the Act was entitled "An Act Concerning The Liability Of Operators Of Ski Areas." The plaintiff argues that the one year statute of limitations should be applied only to the operators of ski areas and not to suppliers of allegedly defective ski equipment which causes injury to a participant in the sport of skiing. In support of their position that *ejusdem generis* should apply, the plaintiffs rely on Rutland Cable T.V., Inc. v. City of Rutland, 122 Vt. 1, 163 A.2d 117 (1960). We do not agree with the plaintiffs' arguments nor do we agree that the *Rutland Cable T.V.* case applies to the case at bar. *Rutland Cable T.V.* merely holds that where there is specific language within a statute, followed by more general descriptive language, the former controls the latter.

We find that the one year statute of limitations, 12 V.S.A. § 513, applies to this cause of action, and unless saved by the provisions of Rule 15(c) of the Federal Rules of Civil Procedure as hereinafter discussed, the action as to defendant Phase IV, Inc., commenced more than one year after the accident occurred, must be dismissed.

Regardless of our finding that the one year statute of limitation should apply, the plaintiffs would have us hold that the amended pleading arose out of the

conduct, transaction or occurrence set forth in the original pleading and in accordance with Rule 15(c) of the Federal Rules of Civil Procedure the amendment relates back to the date of the original pleading. This would make September 24, 1971 (the date that the action was commenced against the Sherburne Corporation) the date upon which the action would be considered to have been commenced against Phase IV, Inc. as far as the running of the statute of limitations is concerned. Unfortunately for the plaintiffs, we are obliged to find that subsection (c) of Rule 15 of the Federal Rules of Civil Procedure "is limited to amendments changing the party against whom a complaint was served. It does not apply to additional parties." King v. Udall, 266 F. Supp. 747, 749 (D.D.C. 1967). *See also* Crews v. Blake, 52 F. R.D. 106, 107 (S.D. Ga. 1971); Storey v. Garrett Corp., 43 F.R.D. 301, 304 (C.D. Cal. 1967); Anderson v. Phoenix of Hartford Ins. Co., 320 F. Supp. 399, 404–405 (W.D. La. 1970); 3 J. Moore, Federal Practice, ¶ 154, at 1041–42. Even if the plaintiffs sought to change defendants completely by substituting Phase IV, Inc. for the Sherburne Corporation, rather than simply adding it as an additional party, plaintiffs could avoid the statute of limitations only upon a showing that during the one year period Phase IV, Inc. had received such notice that its defense on the merits would not be prejudiced and further it knew or should have known that but for a mistake as to the identity of the proper party it would have been named party-defendant in the original complaint. Meredith v. United Air Lines, 41 F.R.D. 34, 38 (S.D. Cal. 1966); J. Moore, *supra*, ¶ 154, at 899, 922.

In the case at bar, the plaintiffs do not seek to substitute one party for another, and plaintiffs have not shown, nor do we believe it likely that it would be possible to establish, such a relationship between Phase IV, Inc. and the Sherburne Corporation as to charge Phase IV, Inc. with knowledge of the action brought against the Sherburne Corporation and that it should have been made a party in the original complaint. The requirements for relation back set forth above are clearly described in Rule 15(c) and, as we have indicated, they have been found wanting in this instance.

Wherefore, based upon the foregoing motion of defendant Phase IV, Inc., for dismissal of the plaintiffs' amended complaint as to it, it is hereby ordered:

That said motion is granted and the action is dismissed as to Phase IV, Inc.