VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-00395



Elizabeth Dakoulas
     Plaintiff

v.

Yuriy Kruk
     Defendant

### Decision on Defendant's Motion for Judgment on the Pleadings

At issue is whether plaintiff Elizabeth Dakoulas was injured "while participating in the sport of skiing." The answer determines whether plaintiff's complaint was filed within the applicable limitations period.

Vermont law provides that "[a]n action to recover for injuries sustained while participating in the sport of skiing shall be commenced within one year after the cause of action accrues, and not after." 12 V.S.A. § 513. The statute is an industry-specific "curtailment" of the general statute of limitations, which otherwise permits personal-injury actions to brought within three years after the cause of action accrues. 12 V.S.A. § 512; *Marshall v. Town of Brattleboro*, 121 Vt. 417, 419 (1960). Because the skiing-specific statute is a curtailment of the general statute of limitations, and because the skiing-specific statute limits the remedies available to a plaintiff, the statute receives a "strict construction."[1] *Marshall*, 121 Vt. at 419.

Here, plaintiff alleges in her complaint that she is employed by Killington Resort as an "ambassador." She asserts that, on a particular day in March 2021, she was assigned to "keep skiers from entering an area where there had been a ski accident." She further asserts that, while she was performing this task, she tried to warn away defendant Yuriy Kruk, who was skiing towards the accident site, but he lost control and crashed into plaintiff, causing her injuries. In the context of defendant's motion for judgment on the pleadings, the court assumes that these facts are true, and that any contravening assertions made by defendant are false. *Fercenia v. Guiduli*, 2003 VT 50, ¶ 6, 175 Vt. 541 (mem.).

---

[1] In other words, the scope of the statute is interpreted narrowly so as to ensure that its application affects only those circumstances contemplated by the Legislature. For all complaints that fall within the scope of the statute, however, the one-year statute of limitations controls instead of the three-year statute of limitations. "It is a legislative privilege to enact special statutes of limitations when deemed appropriate. Where there is a conflict between a general statute of limitations and a specific statute of limitations, the latter will prevail." *Aube v. O'Brien*, 140 Vt. 1, 4 (1981) (internal citations omitted).

The caselaw interpreting the scope of the skiing statute is sparse. The statute does not extend to every activity that is somehow related to skiing, because an early Vermont Supreme Court case held that the statute does not apply to injuries that are suffered while a skier is using a rope tow or a chair lift. *Marshall*, 121 Vt. at 419–20. The reasoning in the *Marshall* opinion was that chair lifts are used in the summer by other resort patrons, and that injuries caused by use of a chair lift should not be subject to two different statutes of limitation depending upon whether the patron was skiing or sightseeing at the time. *Id*. The *Marshall* court thus held that the statute's application is "restricted to activities on skis where the skier undertakes to exercise independent control of [their] course, direction, speed, and skiing method in the skiing area furnished." *Id*. Two federal district-court cases have since described the statute as applying to "downhill skiing accidents" and to "skier-upon-skier accidents that occur while the plaintiff is engaged in the sport of skiing."[2] *Riley v. Brook*, 2015 WL 7572308 at *2 (D. Vt. Nov. 24, 2015) (Reiss, J.); *Weiner v. Sherburne Corp*., 348 F.Supp. 797, 798 (D. Vt. 1972). *

At oral argument, the court questioned the parties regarding the scope of the statute. Both parties agreed that the statute applies when one paying customer falls on their own while skiing, e.g., *Weiner*, 348 F.Supp. at 798, or when one paying customer crashes into another paying customer while skiing, e.g., *Riley*, 2015 WL 7572308 at *3. However, the parties diverged on whether the statute applies when a paying customer crashes into a lift attendant, or a ski patroller, or a medic who is providing emergency first aid to an injured skier.

Defendant interprets the skiing statute as applying to anyone who was wearing skis at the time they were injured, regardless of whether they are a paying customer, employee, or first-aid responder. Defendant relies upon the aforementioned passage from the *Marshall* opinion in which the statute was said to apply to "activities on skis." 121 Vt. at 419. But the material fact in *Marshall* cannot have been whether or not the plaintiff was wearing skis at the time of the injury, because a person wears skis while using a rope tow or a chair lift in the winter, and the *Marshall* court held that the statute does not apply to injuries sustained while a person is using a rope tow or a chair lift. Id.

The reasoning of *Marshall* suggests instead that the material fact is whether the injured person was actively participating in the sport of downhill skiing at the time of the injury. 121 Vt. at 419. The two federal court district opinions are consistent with this interpretation. *Riley*, 2015 WL 7572308 at *3; *Weiner*, 348 F.Supp. at 798.

In the court's view, ski patrollers and medics are not participating in the sport of skiing when they provide first aid to injured skiers. A lift attendant is not "skiing" when they assist skiers in loading onto the chair lift. And—at least if the allegations in the complaint are assumed to be true—plaintiff was not "skiing" when she was instructed by a resort supervisor to go to the site of a ski accident and "keep skiers from entering an area where there had been a ski accident." At that moment, plaintiff was directing other skiers away from an area where there had been an accident. Providing emergency assistance to others is not a "sport."

---

[2] The federal district-court opinions are not binding upon this court, but have persuasive value. *Rock v. Dep't of Taxes*, 170 Vt. 1, 7–8 (1999).

In reaching this conclusion, the court has taken as true the allegations in the complaint regarding the nature of the role of "ambassadors," and whether they are employees of the resort. Defendant has offered competing information and viewpoints about each of these topics. Given the standard of review, however, the court must take the allegations in the complaint as true and disregard defendant's contravening assertions. *Fercenia*, 2003 VT 50, ¶ 6.

For these reasons, defendant's motion for judgment on the pleadings is denied. The ruling makes it unnecessary to address plaintiff's alternative arguments regarding whether any equitable tolling doctrines applied to this case.

Electronically signed on Monday, December 23, 2024 pursuant to V.R.E.F. 9(d).

H. Dickson Corbett
Superior Court Judge

Vermont Superior Court
Filed 12/23/24
Windsor Unit