## KNIOLA ET AL. v. KOZLOWSKI.

[No. 10,694. Filed January 27, 1921.]

TORTS.—*Joint Tort-Feasors.*—*Liability.*—Joint tort-feasors are jointly and severally liable for the entire injury caused by their joint wrongful act, and the injured party may seek his remedy against one or more than one, and, though the action is joint, a judgment against part may be sustained.

From Laporte Superior Court; *Harry L. Crumpacker,* Judge.

Action by Joseph Kozlowski against Joseph Kniola and others. From a judgment against part of the defendants, they appeal. *Affirmed.*

*Theron F. Miller,* for appellants.
*Robert H. Moore,* for appellee.

NICHOLS, J.—Action by appellee to recover damages against appellants and one Szczepanek, codefendant below, because of an assault made upon appellee by said Szczepanek and appellant Paul Kniola, and participated

in and commanded and ratified by appellant Joseph Kniola.

There was an answer in denial and submission to the jury for trial, which returned a verdict in favor of appellee and against appellants for $2,000. After appellants filed separate and several motions for a new trial, appellee remitted $1,400 of the verdict, and the motions for a new trial were each overruled, and judgment was rendered for $600 in favor of appellee, from which this appeal.

Appellants contend that the verdict was contrary to law for the reason that the suit was against appellants and Szczepanek jointly, and that the verdict returned was against appellants only. They contend that appellee, having elected to sue appellants and Szczepanek jointly must under the evidence recover from all jointly or not at all. This is not the law. An action for personal injuries is joint and several, and one who has received an injury from a wrongful act or omission of two or more persons acting together or independently causing a single injury may enforce his remedy against all jointly or against any one separately. Joint tortfeasors are jointly and severally liable for the entire injury caused by their joint wrongful act, and the injured party may seek his remedy against one or more than one. *Parry Mfg. Co.* v. *Crull* (1914), 56 Ind. App. 77, 101 N. E. 756. See, also, *Peru Heating Co.* v. *Lenhart* (1911), 48 Ind. App. 319, 95 N. E. 680; *Lewis* v. *Guthrie* (1916), 63 Ind. App. 8, 113 N. E. 769. Though an action is joint, a judgment against part is sustained. *Indianapolis Traction, etc., Co.* v. *Holtzclaw* (1907), 40 Ind. App. 311, 81 N. E. 1084; *Mendenhall* v. *Stewart* (1897), 18 Ind. App. 262, 272, 47 N. E. 943.

The verdict of the jury is silent as to Szczepanek, but as the appellants personally participated in the fight, out of which the injury grew, either by participating in

the assault or by commanding that it be made, the verdict and judgment against them alone will be sustained. *Childress* v. *Lake Erie, etc., R. Co.* (1914), 182 Ind. 251, 105 N. E. 467, and *Indiana, etc., Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361, 75 N. E. 649, are not in point.

The only other error assigned is on the insufficiency of the evidence, but there is evidence to sustain the verdict.    The judgment is affirmed.