NELLIE RYSER *v.* JAMES GATCHEL.

[No. 1270A261. Filed February 8, 1972.]

*Lewellyn H. Pratt,* of Bloomington, for appellant.

*Byron C. Kennedy, Herbert H. Bent,* of Warsaw, for appellee.

HOFFMAN, C.J.—The primary issue presented by this appeal is whether the summary judgment entered by the trial court in favor of defendant-James Gatchel was proper.

The facts as disclosed by the record before us are as follows:

On December 21, 1967, appellant-Ryser was involved in an automobile accident with appellee-Gatchel. Ryser alleges that at the scene of the accident Gatchel gave her the name of "Charles Leeka" which she understood at the time to be his (Gatchel's) name. She further alleges that "Charles Leeka" was actually Gatchel's insurance agent.

On December 15, 1969, Ryser filed her complaint alleging that the defendant was negligent in striking her auto. The defendant named was Charles Leeka.

It must be noted that personal injury actions must be commenced within two years after the cause of action has accrued. See: IC 1971, 34-1-2-2, Ind. Ann. Stat. § 2-602 (Burns 1967). Therefore, the statutory time for the commencement of the action would have expired on December 22, 1969, unless tolled.

On December 23, 1969, Leeka entered an appearance by counsel, and on January 19, 1970, filed his verified answer denying the allegations of the complaint.

On January 24, 1970, Ryser filed her amended complaint omitting the name "Charles Leeka" and substituting the name "James Gatchel" as defendant.

Subsequently, on February 9, 1970, Charles Leeka filed separate motion for judgment on the pleadings which was granted by the trial court. On the same day Gatchel appeared, filed his verified answer to the amended complaint, and his motion for summary judgment.

The burden of proof is on the moving party to establish the nonexistence of a genuine issue of fact. *Newcomb* v. *Cassidy* (1969), 144 Ind. App. 315, 245 N. E. 2d 846, 17 Ind. Dec. 115 (transfer denied).

In the instant case defendant-appellee, the moving party, filed an affidavit in support of his motion for summary judgment stating "that he [Gatchel] never communicated in any fashion with her [Ryser] and that no summons or suit was ever filed against him by this plaintiff [Ryser] or any other person prior to January 24th, 1970."

In response to the motion for summary judgment Ryser filed an answer to such motion and subsequently filed an affidavit containing certain sworn statements.

Appellant contends that her answer filed in opposition to the motion for summary judgment sets forth genuine issues of fact sufficient to curtail the granting of summary judgment. Appellant's answer was phrased in the language of Rule TR. 15 (C), Indiana Rules of Procedure, which provides as follows:

"(C) Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An

amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment

"(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and

"(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him."

On June 8, 1970, the trial court entered its finding "that the cause of action against the defendant James Gatchell [Gatchel] was filed more than two years after December 21, 1967, and after the statute of limitations had run * * *", and granted appellee-Gatchel's motion for summary judgment.

Ryser then filed her motion to correct errors which, omitting caption and formal parts, reads as follows:

"1. That there is an uncorrected error of law occurring and properly raised in the proceedings relative to defendant, James Gatchel's motion for a summary judgment.

"That the Court erred in granting summary judgment against the plaintiff in favor of James Gatchel for the reason that the amendment by plaintiff of her complaint substituting the defendant, Charles Leeka, for the defendant, James Gatchel, relates back to the original filing of the complaint on December 15, 1969, and would, therefore, not be barred by the Statute of Limitations.

"That Trial Rule 15 (c) specifically relates back in the situation presented to the Court in this matter by affidavit of the plaintiff.

"Wherefore, the plaintiff prays that the Court take such action as will correct the error above alleged and for all other appropriate relief."

Ryser's primary contention is that the answer filed in opposition to the motion for summary judgment sets forth certain issues incorporating the language of Rule TR. 15 (C), *supra*. Such answer reads, in pertinent part, as follows:

"3. That the defendant, James Gatchel, has received notice of the institution of the action and will not be prejudiced in maintaining his defense on the merits.

"4. That he knew or should have known, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

"5. That Charles Leeka is the insurance agent representing Mr. James Gatchel and that Mr. Leeka knew immediately that there had been a mistake made in the proper identity of the party, but concealed the same."

The question is whether, under the summary judgment statutes, such answer presents a genuine issue of material fact.

Rule TR. 56 (E), Indiana Rules of Procedure, provides, in pertinent part, as follows:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis supplied.)

In assessing Ryser's answer in light of Rule TR. 56 (E), *supra,* we conclude that the anwser filed in opposition to the motion for summary judgment contains no more than mere allegations that certain facts exist. Such answer is insufficient to show the existence of an issue of material fact as required by Rule TR. 56 (E), *supra.* We must then turn our attention to "the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits and testimony, if any," to determine if a genuine issue of material fact exists. See: Rule TR. 56 (C), Indiana Rules of Procedure.

The affidavit filed by Ryser, omitting caption and formal parts, reads as follows:

"1. That on the 21st day of December, 1967, at approximately 3:30 p.m., in the [afternoon] plaintiff was involved

in a collision in the City of Indianapolis, Marion County, Indiana.

"2. That at the scene of the accident the defendant gave to the plaintiff the name of Charles Leeka and that she assumed it was his name he was giving her.

"3. That the plaintiff understood the defendant to represent himself as Charles Leeka and represent that the owner of the car was a James Gatchell [Gatchel].

"4. That the plaintiff could have been confused by the names as to who was the operator or owner of the vehicle and did not realize that the driver of the car was giving her the name of his insurance agent to contact.

"5. That subsequent contacts with the insurance company were handled through a Mr. David L. Edmondson, who was contacted by plaintiff's attorney, Lewellyn H. Pratt, on the 26th day of June, 1969, relative to the accident.

"6. That the defendant knew that an action would be brought against him for the reason that his agent, Mr. Edmondson, was notified in June of 1969, that suit would be commenced for damages on behalf of plaintiff."

It has been generally held that the facts contained in such affidavit and all reasonable inferences therefrom must be viewed most favorably to the party opposing the summary judgment. Any doubt as to the existence of a genuine issue of material fact must be resolved in favor of the opposing party.

See: *Newcomb* v. *Cassidy, supra,* and cases cited therein; *Wozniczka* v. *McKean, et al.* (1969), 144 Ind. App. 471, 247 N. E. 2d 215, 17 Ind. Dec. 401 (transfer denied), and cases cited therein.

The most reasonable inference to be drawn from this affidavit is that a genuine issue of material fact does exist. Plaintiff-Ryser, as above set forth, has stated, under oath, that at the scene of the accident defendant-Gatchel gave her the name of Charles Leeka and that she assumed it was his name, that plaintiff understood the defendant to represent himself as Charles Leeka, and that the plaintiff may not have realized who the actual driver was. This information, if introduced

as testimony, would be admissible in attempting to show sufficient proof that plaintiff was intentionally misled in such a manner that defendant is estopped from asserting the running of the statute. See: *Talley* v. *Piersen* (E. D. Pa. 1963), 33 F. R. D. 2. We cannot say that such fact is not presented by plaintiff-appellant's affidavit. Even though plaintiff may be unable to prove this assertion at trial, it is not sufficient ground to sustain the motion for summary judgment. *Wozniczka* v. *McKean, et al., supra.* Therefore, because of the existence of this fact the trial court erred in granting the summary judgment.

Appellant also contends that an issue of fact exists because Leeka is alleged to be the insurance agent of Gatchel. The effect of such contention is that the notice to the insurance company and Leeka of the institution of the action within the limitation period should be imputed to Gatchel *via* the agency relationship.

This contention is patently untenable. No facts, depositions, interrogatories, testimony or other evidence in any form was presented to the trial court to show a genuine issue of fact that such a relationship existed either between Gatchel and the insurance company, or between Gatchel and Leeka. Even, however, if Leeka were held out as such an agent by Gatchel, no facts were proffered to show that Leeka was imposed with the duty to inform Gatchel of the institution of the suit.

This case has necessitated that this court draw a very fine line. On one hand, we must be extremely careful to insure that the summary judgment proceeding has not erroneously deprived the plaintiff of her day in court. On the other hand, we must be equally as careful not to prejudice defendant's case by depriving him of his right to the affirmative defense accorded by statute, *i.e.,* the running of the statute of limitations.

Under Fed. R. Civ. P., Rule 15 (C),[1] it has been held that amendments correcting a misnomer or misdescription relate back regardless of the running of the statute of limitations. *Travelers Indemnity Co.* v. *United States for use of Construction Specialties Co.* (10th Cir. 1967), 382 F. 2d 103; *Grooms* v. *Greyhound Corporation* (6th Cir. 1961), 287 F. 2d 95; *United States* v. *A. H. Fischer Lumber Co.* (4th Cir. 1947), 162 F. 2d 872.

It has also been held that an attempt to bring in a new party-defendant after the expiration of the statute of limitations does not relate back. *Graves* v. *General Insurance Corporation* (10th Cir. 1969), 412 F. 2d 583; *People of the Living God* v. *Star Towing Co.* (E. D. La. 1968), 289 F. Supp. 635; *Solo Cup Company* v. *Paper Machinery Corporation* (7th Cir. 1966), 359 F. 2d 754.

In *People of the the Living God,* at 641 of 289 F. Supp., is found a discussion of that Federal Court's view of the interrelationship of the pre-1966 Federal Rule 15 (C), *supra,* and the post-1966 Federal Rule 15 (C), *supra,* as follows:

> "In this case, however, the libelant is attempting to add an additional party, to bring in a new party, rather than attempting to correct the name of a party already in the suit. It is well settled that the addition of a party to the lawsuit constitutes a new and independent claim which does not relate back. [Citing authorities.] The 1966 amendment to Rule 15 (c) does not alter this principle. As Judge Holtzoff pointed out in King v. Udall, 266 F. Supp. 747 (D.D.C. 1967), the new rule by its very terms 'is limited to amendments *changing* the party against whom a complaint was served. It does not apply to *additional* parties.'" (Footnote omitted.)

If, in the instant case, plaintiff-Ryser had set forth sufficient facts to show a genuine issue in controversy as to whether defendant-Gatchel had "received such notice of the institution of the action" and whether defendant "knew or

---

1. This rule was amended in 1966 and contains language identical to that in Rule TR. 15 (C), Indiana Rules of Procedure.

should have known * * * the action would have been brought against him," (Rule TR. 15 (C), *supra*), we would be compelled to determine whether our statute contemplates the same or a different interpretation as that set out above. Such facts were not presented, however, in opposition to the summary judgment and such determination would result only in *obiter dictum.*

Having reviewed the entire record before us, the briefs of both parties, and having heard arguments of counsel, we find that as to notice under Rule TR. 15 (C), *supra,* there was no genuine issue of material fact which would curtail the granting of the summary judgment.

The burden is on the complainant to bring suit against the proper party. The very purpose of the statute of limitations would be defeated if defendant-Gatchel were denied the affirmative defense of the running of the statute of limitations. However, from the affidavit filed by plaintiff-Ryser it can be inferred that there is a genuine issue of material fact as to whether plaintiff had been intentionally misled by defendant-Gatchel. The granting of the summary judgment was, therefore, erroneous.

Judgment reversed with instructions to the trial court to render further proceedings not inconsistent with this opinion.

Sharp, J., concurs and Staton, J., concurs in result.

NOTE.—Reported in 278 N. E. 2d 320.