William E. LAMBERSON, Appellant,

v.

Ben E. CROUSE, M.D. and Lafayette Home Hospital, Inc., Appellees.

No. 2-881A277.

Court of Appeals of Indiana, Second District.

June 3, 1982.

Michael K. Sutherlin, Indianapolis, for appellant.

Larry Fisher, Stuart, Branigan, Ricker & Schilling, Lafayette, for appellees.

SHIELDS, Judge.

William E. Lamberson appeals the dismissal of his amended complaint for failure to state a claim under Indiana Rules of Procedure, Trial Rule 12(B)(6).

We reverse.

On November 24, 1980 Lamberson filed an amended complaint for damages with the insurance commissioner. The amended complaint named Dr. Ben E. Crouse as a defendant in addition to Lafayette Home Hospital, Inc., the sole defendant in the original complaint.

In accordance with I.C. 16–9.5–10–1 (Burns Code Ed., Supp.1981), Crouse filed a T.R. 12(B)(6) motion to dismiss with the Tippecanoe Circuit Court asserting the expiration of the statute of limitations. After argument the motion was sustained and judgment was entered for Crouse.

When matters outside the pleadings are not submitted a T.R. 12(B)(6) motion can be granted only where it is clear from the face of the complaint that under no circumstances could relief be granted. *State v. Rankin*, (1973) 260 Ind. 228, 294 N.E.2d 604.

While the face of the amended complaint reveals it was filed more than two (2) years after the accrual of the alleged claim, it also shows it is an *amended* complaint. Thus, Lamberson argues his amended complaint is timely because, pursuant to T.R. 15(C), an amended complaint or pleading relates back to the date of the original pleading.[1]

Crouse, on the other hand, argues T.R. 15(C) cannot be used as a vehicle to add a party defendant after the statute of limitations has run, relying upon *Gibson v. Miami Valley Milk Producers, Inc.*, (1973) 157 Ind. App. 218, 299 N.E.2d 631, and its progeny.[2]

We agree with Lamberson to the extent we hold a T.R. 12(B)(6) motion is an inappropriate vehicle to determine the issue of relationship back under T.R. 15(C) because of the constraints placed upon a T.R. 12(B)(6) motion.

T.R. 15(C) provides an amendment to a claim changing the party against whom it is asserted relates back to the date of the original claim if three conditions exist:

(1) the claim asserted in the amended claim arose out of the conduct, transaction, or occurrence set forth in the original claim, and

(2) within the statute of limitations for the claim the party brought in by amendment

1. Ind.Rules of Procedure, Trial Rule 15(C) provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced and in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him."

2. *Gibson* held the trial court did not err in sustaining the motion to dismiss of the "added defendant," Miami Valley Milk Producers Association. However, in so doing, this court carefully stated two caveats: 1) its opinion was based on the record before it which clearly showed plaintiff sought to add a new defendant after the statute of limitations had run, *and* 2) the plaintiff-appellant made no reference to the method or motion chosen by the defendant association to raise the question of the statute of limitations. Thus, the ruling was based upon an evidentiary assumption that was inappropriate under a motion to dismiss standard had it been raised.

a. received such notice of the institution of the action he will not be prejudiced in maintaining a defense on the merits, and

b. knew or should have known but for a mistake concerning identity of the proper party, the action would have been brought against him.

■ Most commonly, the existence of the three prerequisites to relation back under T.R. 15(C) involve determinations of disputed fact which *per se* negate the applicability of a T.R. 12(B)(6) motion unless treated as a motion for summary judgment as provided in T.R. 12(B). However, in this case, Crouse in essence argues T.R. 12(B)(6) is appropriate because:

1. as a matter of law T.R. 15(C) does not apply when a party is sought to be added after the statute of limitations has run;

2. a party is added, as opposed to a party changed, when the originally named defendant remains a party defendant in the amended claim and another party is named as a co-defendant; and

3. the face of the amended complaint reveals the addition of a party.

We disagree *for two reasons*. First, we view Crouse's interpretation of the phrase "changing the party" as too restrictive. Crouse redefines the definition of "changing" from its definition of "becoming different in some particular" to "substituting."

An amendment changing the party is any amendment that results in the party or parties subsequent to the amendment being different in some particular, *e.g.*, number, from the party or parties prior to the amendment.

Thus, we construe the language of T.R. 15(C) both liberally and literally,—so long as the named party or parties differ in any form after the amendment it is an amendment "changing the party." *State ex rel. Young v. Noble Circuit Court*, (1975) 263 Ind. 353, 332 N.E.2d 99.

In reality, we surmise any plaintiff who, by amendment, adds a party faces a Herculean task in meeting the burden of establishing the existence of the three conditions to relation back. Consequently, the ability to add parties rather than merely substitute is of small solace. Nevertheless, under the provisions of T.R. 15(C) the opportunity does exist and cannot be denied by a T.R. 12(B)(6) motion which attacks only the face of the amended complaint. Unless the non-existence of any one or all the conditions to relation back appear on the face of the amended complaint, a T.R. 56 *motion is required.*

Second, a T.R. 12(B)(6) motion is inappropriate because a court examining only the face of the amended complaint, the pleading under attack by the T.R. 12(B)(6) motion, cannot know in what manner the complaint is amended, whether by adding a party defendant or in some other manner. The court only knows it is amended. Therefore, relationship back under T.R. 15(C) is always possible until and unless the trial court is presented with material outside the pleading (and, as a consequence, with a T.R. 56-like motion) making the existence of the conditions to relationship back an issue.

Therefore, although the face of Lamberson's amended complaint reveals it was filed more than two (2) years after the occurrence, it does not appear to a certainty that the statute of limitations is a defense. Facts could exist under which the amended complaint would relate back tolling the statute of limitations. It was therefore erroneous to sustain the motion to dismiss when it was based only on the face of the amended complaint.

Judgment reversed and remanded for further proceedings not inconsistent with this opinion.

BUCHANAN, C. J., and SULLIVAN, J., concur.