**Rodney CZARNECKI, Appellant (Plaintiff Below),**

v.

**HINSON CAB COMPANY, et al., Appellees (Defendants Below).**

No. 4–383 A 71.

Court of Appeals of Indiana, Fourth District.

March 27, 1984.

Rehearing Denied May 21, 1984.

Hugo E. Martz, Valparaiso, for appellant.

E. Joseph Jaskowiak, Karen L. Hughes, Hoeppner Wagner & Evans, Valparaiso, for appellees.

YOUNG, Judge.

Rodney Czarnecki brought this personal injury suit against several defendants, including Lear Siegler, Inc., and Hinson Manufacturing Company, successors in interest to the company that made the tractor cab in which Czarnecki was injured. The trial court entered a summary judgment of dismissal against Czarnecki in favor of these two defendants. Czarnecki appeals, claiming the court erred in entering summary judgment.

We reverse.

The relevant facts are as follows. Czarnecki was blinded in his left eye on September 1, 1975, when the rear window of the cab on the tractor he was driving shattered. Seeking damages for this injury, Czarnecki filed suit in August 1977 against several defendants, including the cab's maker, to which Czarnecki referred in his complaint as the "Hinson Cab Company." Nearly three years later, Czarnecki learned that the cab had been manufactured by the Hinson Division of Royal Industries, Inc., a Delaware corporation that built the cabs in an Iowa plant. Czarnecki also learned that, after he filed his complaint, Royal Industries had merged with Lear Siegler, Inc., and sold the Hinson Division's assets to the newly-formed Hinson Manufacturing Company, Inc. As a result, Czarnecki filed an amended complaint in 1981 naming Lear Siegler, Royal Industries, and Hinson Manufacturing (among others) as defendants. These corporate defendants moved to dismiss the complaint under the applicable statute of limitations. The court, treating

this motion as one for summary judgment, granted it. This appeal ensued.

■ Since the trial court here considered evidence outside the pleadings, it properly treated its ruling as one granting summary judgment. T.R. 12(B)(8); *Barnd v. Borst*, (1982) Ind.App., 431 N.E.2d 161. In reviewing this decision, we will affirm only if the record reveals no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. *Id.* Under this standard of review, Czarnecki argues that the defendants were not entitled to judgment as a matter of law under Ind. Code 34-1-2-2 (1982),[1] the statute of limitations applicable here. The appellees' response here, as it was below, is that Czarnecki's amended complaint, filed in 1981, in effect added them as new defendants four years after the statutory limit. They argue that, because this amendment does not relate back to the date of the original timely-filed complaint under the requirements of Ind.Rules of Procedure, Trial Rule 15(C), Czarnecki's complaint against them was not timely, and the court properly entered judgment dismissing it.

As Czarnecki points out, however, this argument has a fatal flaw. It rests on the premise that Czarnecki's amended complaint changed the parties against whom the claim was asserted originally by adding the appellees as parties. The record shows, however, that the amended complaint did not substitute defendants; rather, it corrected the original complaint to reflect the "Hinson Cab Company's" true legal name. Faced with similar facts, the court in *Ryser v. Gatchel*, (1972) 151 Ind. App. 62, 278 N.E.2d 320, noted that, although amendments adding a new defendant after the statute of limitations has expired do not relate back to the time of the original complaint, amendments correcting

a misnomer relate back even though the statutory time has run out. *Id.* at 69, 278 N.E.2d at 324. This is consistent with T.R. 21(A), which provides that, "Incorrect names and misnomers may be corrected by amendment under Rule 15 at any time." Although this distinction between changing names and changing parties might be problematic where the "misnomer" in the original complaint is the name of an existing person, no such problem is present here. It is undisputed that no entity called the "Hinson Cab Company" exists and that, in using this name, Czarnecki intended to sue the Hinson Division of Royal Industries, maker of the Hinson cab in which he was injured.

■ This fact makes the present case distinguishable from *Simmons v. Fenton*, (7th Cir.1973) 480 F.2d 133, and *Gibson v. Miami Valley Milk Producers*, (1973) 157 Ind.App. 218, 299 N.E.2d 631, on which the appellees rely. In both of these cases, the plaintiffs named existing persons as defendants, secured service of process on those persons, and then later attempted to add a *different* person as a defendant. Thus, in both *Simmons* and *Gibson*, it was found that the plaintiff was not merely attempting to correct the name of a party already in the suit. In this case, however, there was no showing that Royal Industries, Hinson Division and the "Hinson Cab Company" named in the complaint were different entities. Thus, the decisions in *Simmons* and *Gibson*, *supra*, do not support affirmance here. We accordingly hold that Czarnecki's original complaint, which the amended complaint was meant to correct, was effective to commence the action against Royal Industries, Inc., within the statutory time. The trial court erred in granting summary judgment for Royal Industries and its successors in interest, Lear

---

1. Ind.Code 34-1-2-2 (1982) provides in pertinent part as follows:

   The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards:

   (1) For injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two (2) years.

Siegler and Hinson Manufacturing Company,[2] under Ind.Code 34–1–2–2 (1982).

In so holding, we note that the facts in this case are very similar to those in *Geiger & Peters, Inc. v. American Fletcher National Bank*, (1981) Ind.App., 428 N.E.2d 1279. In that case, one defendant in a foreclosure suit, Geiger & Peters, filed a cross-claim against a co-defendant, American Fletcher National Bank (AFNB). This claim was filed within the statute of limitations. Geiger & Peters, however, failed to serve AFNB with summons or a copy of the claim until nearly two years later. AFNB promptly moved for dismissal of this claim, and the trial court dismissed it. On appeal, the court reversed this decision, holding that failure to serve notice of a claim on an opposing party within the statutory time does not entitle the opponent to judgment under the statute of limitations, where the claim itself was timely filed. The court went on to hold that the defendant's remedy for the plaintiff's delay in making adequate service of process was a motion to dismiss under T.R. 41(E) for failure to prosecute.

■ In this case, as in *Geiger & Peters, supra,* the real issue was apparently not Czarnecki's delay in filing his amended complaint but rather his failure to make any adequate service of process on the defendants until 1980, three years after his complaint was filed and five years after his injury. The record shows that, although Czarnecki had access at the time of his complaint to materials from which he could have learned Royal Industries' proper name and address, the initial summons was addressed to the "Hinson Cab Co." Fur-

ther, because he could find no address for the "Hinson Cab Co.," Czarnecki's attorney mailed this summons to C.T. Corporation System, the resident agent of International Harvester, another defendant totally unrelated to Royal Industries. By coincidence C.T. Corporation System was also the resident agent for Royal Industries, Inc., but it is undisputed that Royal Industries never received this summons. Thus, the defendants' first actual notice of Czarnecki's claim came in 1980, when he finally discovered the defendants' address in Iowa and mailed a summons to Hinson Manufacturing Company.

From these facts, the trial court was arguably entitled to conclude that Czarnecki's initial service of summons was not "reasonably calculated to inform [Royal Industries, Inc.] that an action" had been instituted against it. T.R. 4.15(F). Further, the trial court was arguably justified in finding that Czarnecki failed to exercise due diligence in securing service of process on Royal Industries. As the decision in *Geiger & Peters* makes clear, however, such findings do not entitle the defendants to judgment under the statute of limitations, where Czarnecki's initial complaint was timely filed. Further, as in *Geiger & Peters*, we cannot affirm the trial court's judgment against Czarnecki under T.R. 41(E), since the issue of whether Czarnecki had "sufficient cause" for his delay in serving process has not yet been litigated. Faced with a silent record, we cannot say that there remains no genuine issue of material fact as to the cause of Czarnecki's delay. Thus, finding no basis on which to affirm the trial court's decision, we reverse and remand for further proceedings.

Reversed.

2. Since Lear Siegler and Hinson Manufacturing Company succeeded to Royal Industries, Hinson Division's interests *after* Czarnecki filed suit, he was entitled, but not required, to add them as defendants under T.R. 25(C). Such a substitution is properly made by motion and not by filing a new complaint against the substituted parties. T.R. 25(C). *See Burcham v. Singer,* (1972) 151 Ind.App. 1, 277 N.E.2d 814. Under this procedure, the substitution of parties is not a new claim against those added; thus, the statute of limitations is satisfied as to such parties so long as the original complaint was time-

ly. *See Gibson v. Miami Valley Milk Producers, supra,* 157 Ind.App. at 229, 299 N.E.2d at 638. Here Czarnecki added Lear Siegler and Hinson Manufacturing by an amended complaint under T.R. 15. Looking to the substance rather than the form, however, we will treat this substitution as if it had been properly done under T.R. 25. Thus, because Czarnecki's complaint was timely filed against Royal Industries, Inc., the statute of limitations was also satisfied as to Lear Siegler, Inc., and Hinson Manufacturing Company.

CONOVER, P.J., concurs.

MILLER, J., concurs.